```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY


COTTRELL STEWART,                :
                                 :    Civil Action No. 12-2618 (JBS)
          Plaintiff,             :
                                 :
     v.                          :    MEMORANDUM OPINION
                                 :
MAREEN STANG, et al.,            :
                                 :
          Defendants.            :
```

**APPEARANCES:**

Plaintiff pro se
Cottrell Stewart
Camden County Correctional Facility
Camden, New Jersey 08102


**SIMANDLE**, Chief Judge

Plaintiff Cottrell Stewart, a prisoner confined at Camden County Correctional Facility in Camden, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement

of all assets and liabilities, which states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period.  Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments.[1]  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or

---

[1] Plaintiff submitted an out-of-date form of application for leave to proceed in forma pauperis which states that the filing fee is $150.  The filing fee is now $350.

(3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions).  See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In this action, Plaintiff failed to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified institutional account statement.  More specifically, the institutional account statement that was submitted is not certified by an appropriate institutional official.  See, e.g., Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007).

In addition, the Court notes that Plaintiff challenges his parole revocation proceedings and seeks, as relief, both damages and immediate release.  To the extent Plaintiff seeks release, his proper avenue for relief is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, after exhaustion of state remedies.  In addition, a claim for damages arising out of the allegedly unlawful parole revocation proceedings may be premature.  See Heck v. Humphrey, 512 U.S. 477, 489-90 (1994) ("a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated").

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

## CONCLUSION

For the reasons set forth above, Plaintiff's application for leave to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.

Plaintiff will be granted leave to apply to re-open within 30 days.[2]

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266

An appropriate Order will be entered.

                                         **s/ Jerome B. Simandle**
                                         Jerome B. Simandle
                                         Chief Judge
                                         United States District Court

Dated: **May 7, 2012**

---

(1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).